# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SHARITA HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-00443 |
| ) | |
| WAFFLE HOUSE, INC., WH CAPITAL, ) | CHIEF JUDGE CRENSHAW |
| LLC, and MID SOUTH WAFFLES, INC., ) | MAGISTRATE JUDGE HOLMES |
| ) | |
| Defendants / Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| JEFFREY L. REINKING, ) | |
| ) | |
| Third-Party Defendant. ) | |

## JOINT STATUS REPORT

Pursuant to the Court's July 21, 2021 Order (D.E. 124) and the Court's instructions during the August 18, 2021 Status Conference, Plaintiff Sharita Henderson, Defendants Waffle House, Inc., WH Capital, LLC, and Mid South Waffles, Inc. (collectively, "Waffle House"), and Third-Party Defendant Jeffrey Reinking jointly submit the following status report and state as follows:

1. To date, each party has provided initial disclosures. Plaintiff has responded to Waffle House's interrogatories and requests for production of documents; Waffle House has responded to Plaintiff's interrogatories and requests for production of documents; and Jeffrey Reinking has responded to Waffle House's Interrogatories. The Parties have taken the depositions of Sharita Henderson, Jeff Camp, Christine Merryman, and Angie Frazier.

2. Currently, there is no outstanding written discovery between Plaintiff and Waffle House, however Plaintiff is still reviewing the documents produced by Waffle House on July 15;

Jeffrey Reinking has served Waffle House with Requests for Production of Documents that remain outstanding. To the extent any discovery disputes arise, the Parties will follow the procedures set forth in the Court's Order. The Parties have scheduled depositions on the following days for the remaining initial Waffle House employees that Plaintiff seeks to depose:

    a. Jeff Wright – October 25, 2021

    b. John Fervier (who will also serve as Waffle House's 30(b)(6) corporate representative) – October 26, 2021

    c. Britt Sanders – December 2, 2021[1]

3. The Parties maintain their respective positions regarding expert depositions as set forth in the August 6, 2021 Joint Status Report (D.E. 129).

4. Fact or Expert Discovery Not Yet Pending But Anticipated:

    a. Plaintiff's Position: Plaintiff anticipates that, based upon information provided during the depositions that have been scheduled, additional depositions of Waffle House employees will be taken. Plaintiff has filed a motion in the Travis Reinking criminal matter seeking access to the court records and investigative materials. That motion is set for a hearing on October 7.

    b. Waffle House's Position: Waffle House sent subpoenas to the various law enforcement agencies involved in the subject shooting to obtain the investigative records/materials related to the subject shooting. However, Waffle House's attempt to obtain the investigative records/materials related to the subject shooting were unsuccessful, due to the state criminal court's order placing said records/materials under seal. Waffle House anticipates attempting to take the deposition of Travis

---

[1] On September 21, 2021, Plaintiff successfully served Ms. Sanders, via private process server, with a subpoena for her deposition on December 2, 2021. *See* D.E. 138.

Reinking and Jeffrey Reinking. Additionally, Waffle House anticipates deposing Judith Reinking, Marilyn Hopper, current and former employees of J&J Cranes, Inc., including but not limited to Galen E. Brooks, and Jeff Abbot, members of the Tazewell County Police Department (Illinois), and members of the City of Morton Police Department (Illinois). We have begun negotiations with counsel for Tazewell County in an effort to schedule the depositions of several county police officers. We have inquired as to whether they will work with us on scheduling said depositions or whether subpoenas will be necessary. Counsel for Tazwell county informed us that Plaintiff, as well as three other plaintiffs, have pending lawsuits against Tazewell County and several Tazewell County Sheriff's police officers in Illinois state court, based on interactions that were had with Travis Reinking prior to the April 22, 2018 shooting, and that depositions have not been conducted in those four (4) Illinois state court cases. As such, we are working with Mr. Victor to navigate the potential issues that may arise with permitting the police officers, as nonparties, to be deposed, such as use of their testimony in the pending Illinois state court cases. Additionally, Third-Party Jeffery Reinking propounded discovery requests on Waffle House. Waffle House will respond to said requests in a timely manner. Finally, on August 31, 2021, and September 23, 2021, Waffle House sent letters to counsel for Third-Party Jeffrey requesting dates for Third-Party Jeffrey Reinking's deposition and inquiring whether or not Third-Party Jeffrey Reinking will cooperate in setting depositions of family members and employees, or if they will need to be subpoenaed. To date, counsel for Third-Party Jeffrey Reinking has not responded with dates for Third-Party Jeffrey Reinking's deposition or whether

or not Third-Party Jeffrey Reinking will cooperate in setting depositions of family members and employees.

      c. Jeffrey Reinking's Position: Mr. Reinking is awaiting discovery responses as to the damages claims of Waffle House.

5. Plaintiff has interviewed potential witnesses who were present during the shooting on April 22, 2018.

6. The criminal trial of Jeffrey Reinking has been set for January 18, 2022. The Parties do not have any new or additional information regarding the criminal case of Travis Reinking.

7. General description of the number and kind of experts each party anticipates using at trial.

      a. Plaintiff: Plaintiff anticipates disclosing one expert witness to offer opinions related to premises security, crime foreseeability, security training and policies; one expert witness to offer opinions regarding Travis Reinking's criminal profile and deterrability; and two expert witnesses (a physician and a nurse lifecare planner working in tandem) to offer a lifecare plan for Plaintiff's medical needs and costs thereof, as well as opinions regarding the reasonableness and necessity of Plaintiff's medical treatment and expenses and causation of Plaintiff's injuries. On September 10, 2021, Plaintiff provided Defendants with a copy of the lifecare plan to date and accompanying report prepared by her expert witnesses. Plaintiff also anticipates disclosing an economist. Plaintiff reserves the right to call Ms. Henderson's treating healthcare providers to offer testimony regarding the scope, prognosis, and causation of Ms. Henderson's injuries as developed within the course of their roles as treating healthcare providers.

b. Waffle House: Presently, Waffle House anticipates using at least two experts at trial. The issues and areas that said experts will opine to include, but are not limited to, premises liability, negligent security, crime foreseeability, the lack of foreseeability for mass shootings, how mass shootings differ from regular shooting crimes, and crime analysis and statistics data. Additionally, Plaintiff recently produced a Life Care Plan which alleges the future medical care needed by Plaintiff. Plaintiff also recently produced approximately 14,500 documents of her updated medical records and bills. Waffle House is currently evaluating the Life Care Plan and reviewing the medical records and bills, for purposes of determining whether Waffle House needs to retain an expert(s) to rebut the Life Care Plan. Finally, Waffle House reserves the right to identify, and use at trial, additional experts to rebut the expert(s) identified by Plaintiff.

c. Jeffrey Reinking: Does not anticipate retaining an expert.

8. The Parties attended a second mediation with Roger Dickson on September 22, 2021. That mediation was unsuccessful, and the Parties have scheduled a third mediation for November 10, 2021.

Respectfully Submitted,

**NEAL & HARWELL, PLC**

/s/ Jeffrey A. Zager
Philip N. Elbert, No. 009430
Jeffrey A. Zager, No. 032451
Benjamin C. Aaron, No. 034118
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713
pelbert@nealharwell.com
jzager@nealharwell.com
baaron@nealharwell.com

James S. Higgins, No. 16142
Carrie Labrec, No. 26865
THE HIGGINS FIRM, PLLC
525 4th Avenue South
Nashville, TN 37210
(615) 353-0930
jsh@higginsfirm.com
carrie@higginsfirm.com

*Counsel for Plaintiff Sharita Henderson*
**MOORE INGRAM JOHNSON & STEELE, LLP**

/s/ Christian Laycock (w/ permission)
William R. Johnson, No. 19925
Christian Laycock
Travis S. Mayes, No. 034984
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
wrj@mijs.com
chlaycock@mijs.com

*Counsel for Waffle House, Inc., WH Capital, LLC, and Mid South Waffles, Inc.*

**FEENEY & MURRAY, P.C.**

/s/ John T. Feeney (w/ permission)
John Thomas Feeney, No. 11482
9019 Overlook Blvd., Suite D-4
Brentwood, TN 37027

*Counsel for Jeffrey Reinking*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was electronically filed and served upon the following counsel of record using the Court's Electronic Case Filing System on this 1st day of October, 2021:

| | |
|---|---|
| MOORE INGRAM JOHNSON & STEELE, LLP<br>William R. Johnson<br>Christian Laycock<br>Travis S. Mayes<br>326 Roswell Street<br>Marietta, GA 30060<br>(770) 429-1499<br>wrj@mijs.com<br>chlaycock@mijs.com<br>smayes@mijs.com<br><br>*Counsel for Waffle House, Inc.,*<br>*WH Capital, LLC, and Mid South Waffles, Inc.* | FEENEY & MURRAY, P.C.<br>John Thomas Feeney<br>9019 Overlook Blvd., Suite D-4<br>Brentwood, TN 37027<br><br>*Counsel for Jeffrey Reinking* |

/s/ Jeffrey A. Zager